UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE N. MATHIS,

    Plaintiff,

vs.                                                    Case No.  3:08-cv-291-J-32MCR

JENNIFER K. ESPENSHIP,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's pro se Amended Complaint (Doc. 2) and Motion to Proceed In Forma Pauperis (Doc. 3).  On March 28, 2008, the undersigned entered an Order taking Plaintiff's request to proceed in forma pauperis under advisement, informing Plaintiff of deficiencies in his Complaint and directing Plaintiff to file an amended complaint no later than April 14, 2008.  (Doc. 6).  Plaintiff was warned that "[f]ailure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10(a)."  Id. Plaintiff failed to file an amended complaint and therefore, on April 16, 2008, the undersigned entered an Order to Show Cause (Doc. 8) directing Plaintiff to show cause why the case should not be dismissed for failing to comply with the Court's Order and failure to prosecute.  Plaintiff was to respond no later than April 25, 2008.  Id.

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

In response, Plaintiff filed a Notice (Doc. 10) in which he stated that because he had been transferred to another facility, he was unable to file an amended complaint. Accordingly, the Court granted Plaintiff an extension of time until May 12, 2008 in which to file the second amended complaint. (Doc. 11). The Order again cautioned Plaintiff that failure to comply would result in the Court entering "a report and recommendation to the District Judge recommending the case be dismissed." Id. When no second amended complaint was filed on May 12, 2008, the undersigned waited until May 15, 2008 and entered a Report and Recommendation to the District Judge recommending the case be dismissed for Plaintiff's failure to prosecute. (Doc. 12). Subsequently, on May 15, 2008, Plaintiff's second Amended Complaint was docketed (Doc. 13). As a result, the undersigned entered an Order (Doc. 14) vacating the original Report and Recommendation and will now consider the second Amended Complaint.

As the Court noted in the March 28, 2008 Order taking Plaintiff's Motion to Proceed in forma pauperis under advisement (Doc. 6), "before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, 'fails to state a claim upon which relief may be granted[,]' or . . . 'seeks monetary relief against a defendant who is immune from such relief.'"  (Doc. 6) (quoting, 28 U.S.C. § 1915(a)(1) and (e)(2)). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

Also in the March 28, 2008 Order, the Court informed Plaintiff that his civil rights claim pursuant to 42 U.S.C. § 1983 against his former attorney was deficient. The Order pointed out that in order to state a claim under § 1983, Plaintiff must show two

elements: (1) "an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States," and (2) "the act or omission was committed by a person acting under color of state law." Winter v. Administrator, Douglas County Memorial Hosp., 2007 WL 1430500 at *1 (N.D. Ga. 2007) (citing Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995)). The Court noted that Plaintiff had failed to satisfy the second requirement. (Doc. 6, p.2). In the second Amended Complaint, Plaintiff attempts to cure this deficiency by stating that his former attorney was an officer of the state. (Doc. 13). Unfortunately, this is not sufficient. Attorneys who represent a defendant in a criminal proceeding do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981); Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."); Otworth v. Vaderploeg, 61 Fed. Appx. 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Accordingly, Plaintiff's claim against his former attorney is due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As such, it is respectfully

**RECOMMENDED**:

Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 3) be **DENIED** and the second Amended Complaint (Doc. 13) be **DISMISSED without prejudice** to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  27th  day of May, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Timothy J. Corrigan,
  United States District Judge

Pro Se Plaintiff